IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
FEB 17 2010
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>1333 North Oracle Road<br>Tucson, Arizona 85705,<br><br>        Plaintiff,<br><br>v.<br><br>KEN SALAZAR,<br>Secretary of the Interior<br>1849 C Street, N.W.<br>Washington, D.C. 20240,<br><br>        and<br><br>UNITED STATES FISH AND WILDLIFE SERVICE,<br>1849 C Street N.W.<br>Washington, D.C. 20240,<br><br>        Defendants. | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Case: 1:10-cv-00230<br>Assigned To : Friedman, Paul L.<br>Assign. Date : 2/17/2010<br>Description: Admin. Agency Review |

## I. INTRODUCTION

1. This lawsuit concerns eight separate petitions to list eight species: 1) the Llanero Coqui (*Eleutherodactylus juanariveroi*), 2) the least chub (*Iotichthys phlegethonti*), 3) the Oklahoma grass pink (*Calopogon oklahomensis*), 4) the striped newt (*Notophthalmus perstriatus*), 5) the Puerto Rico harlequin butterfly (*Atlantea tulita*), 6) the Bay Springs salamander (*Plethodon ainsworthi*), 7) the Berry Cave salamander (*Gyrinophilus gulolineatus*), and 8) the Ozark chinquapin (*Castanea ozarkensis*), collectively "petitioned species." Each of these species is at risk of extinction due to habitat degradation and destruction, climate change, and other threats. Plaintiff CENTER FOR BIOLOGICAL DIVERSITY ("the Center") challenges the Secretary of the Interior KEN SALAZAR and the UNITED STATES FISH AND WILDLIFE SERVICE (collectively "the Secretary" or

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Page 1

"FWS") over violations of section 4 of the Endangered Species Act, 16 U.S.C. § 1531 *et seq.* ("ESA") for the Secretary's failure to make a 90-day finding and/or a 12-month finding on the petitions to list these species as threatened or endangered under the ESA, 16 U.S.C. §§ 1533(b)(3)(B).

2. The Center brings this lawsuit to enforce the ESA's mandatory 12-month deadline: (1) to make a finding on the petition to list the Llanero Coqui and the least chub; (2) to enforce the ESA's mandatory 90-day finding deadline on the petition to list the Oklahoma grass pink, striped newt, Puerto Rico harlequin butterfly, Bay Springs salamander, the Berry Cave salamander and the Ozark chinquapin; and (3) to compel the Secretary to determine whether listing the petitioned species as threatened or endangered is warranted. 16 U.S.C. § 1553(b)(3)(B). Plaintiff seeks an order declaring that Defendants' failure to comply with their statutorily-mandated duty to make a finding on each petition is a violation of the ESA and the Administrative Procedure Act, 5 U.S.C. § 706 ("APA"). Plaintiff further seeks an order requiring the Secretary make the required findings on the petitions by dates certain.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 16 U.S.C. §§ 1540(c) & (g) (action arising under the ESA and citizen suit provision), 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 (right of review under the Administrative Procedure Act ("APA")), and 28 U.S.C. §§ 1331 (federal question), 2201 (declaratory relief), and 2202 (injunctive relief).

4. As required by 16 U.S.C. § 1540(g), the Center provided the Secretary with written notice of the violations alleged herein more than 60 days prior to commencement of this action. In spite of such notice, the Secretary has failed to remedy the ESA violations.

5. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A).

## III. PARTIES

6.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a non-profit 501(c)(3) corporation with offices in Washington D.C. and elsewhere in the United States. The Center works through science, law and policy to secure a future for all species hovering on the brink of extinction. The Center's members and staff are actively involved in species and habitat protection throughout the United States, including protection of the Llanero Coqui, least chub, Oklahoma grass pink, striped newt, Puerto Rico harlequin butterfly, Bay Springs salamander, Berry Cave salamander, and Ozark chinquapin. The Center has over 43,000 members throughout the United States and the world. The Center brings this action on its own behalf and on behalf of its adversely affected members and staff.

7.     The Center's members and staff include numerous individuals with a broad range of scientific, professional, educational, recreational, aesthetic, moral and spiritual interests in the Llanero Coqui, least chub, Oklahoma grass pink, striped newt, Puerto Rico harlequin butterfly, Bay Springs salamander, the Berry Cave salamander and the Ozark chinquapin. In addition, the Center's members and staff continuously enjoy the biological, scientific, research, educational, conservational, recreational and aesthetic values of the habitat of the petitioned species. The Center's members and staff observe and attempt to observe Llanero Coqui, east chub, Oklahoma grass pink, striped newt, Puerto Rico harlequin butterfly, Bay Springs salamander, the Berry Cave salamander and Ozark chinquapin. The Center's use and enjoyment of the Llanero Coqui, least chub, Oklahoma grass pink, striped newt, Puerto Rico harlequin butterfly, Bay Springs salamander, the Berry Cave salamander and the Ozark chinquapin and their habitat are dependent on the existence of healthy and sustainable populations of the petitioned species in the wild.

8.     Concerned that Llanero Coqui, least chub, Oklahoma grass pink, striped newt, Puerto Rico harlequin butterfly, Bay Springs salamander, the Berry Cave salamander and Ozark chinquapin

are at serious risk of extinction due to global warming and other impacts, members of the public including the Center submitted the petitions at issue herein to list these species as endangered or threatened under the ESA. Unless the petitioned species are promptly protected under the ESA, the Llanero Coqui, least chub, Oklahoma grass pink, Striped newt, Puerto Rico harlequin butterfly, Bay Springs salamander, the Berry Cave salamander, and Ozark chinquapin are likely to continue to decline and become extinct. Therefore, the Center's members and staff are injured by the Secretary's failure to prepare a timely 12-month finding for the Llanero Coqui and least chub, and a 90-day finding for the Oklahoma grass pink, striped newt, Puerto Rico harlequin butterfly, Bay Springs salamander, Berry Cave salamander, and Ozark chinquapin as required by the ESA. These injuries are actual, concrete, and imminent. The Secretary's failure to comply with the ESA's deadlines for processing the petitions deprives these species of statutory protection that is vitally necessary to their survival. The relief requested will fully redress the injury.

9.   Defendant KEN SALAZAR is the Secretary of the Interior and is sued in his official capacity. Mr. Salazar has the ultimate responsibility to enforce and implement the ESA provisions.

10.   Defendant UNITED STATES FISH AND WILDLIFE SERVICE is the agency within the Department of the Interior. Through delegation of authority from the Secretary, FWS administers and implements the ESA for terrestrial species. FWS has responsibility under the ESA over the species which are the subject of this action. FWS has failed to take required action with regard to the petitions, and has failed to meet the statutorily-mandated deadlines for processing the petitions to list the Llanero Coqui, least chub, Oklahoma grass pink, Striped newt, Puerto Rico harlequin butterfly, Bay Springs salamander, Berry Cave salamander, and Ozark chinquapin.

## IV. LEGAL BACKGROUND

**A.   The Endangered Species Act**

11. Congress enacted the ESA "to provide a program for the conservation of ... endangered species and threatened species" and "a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved." 16 U.S.C. § 1531(b). A "species" includes "any subspecies of fish, wildlife, or plants" or "any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." 16 U.S.C. § 1532(16). The statute defines a species as "endangered" if it is in "danger of extinction throughout all or a significant portion of its range" and "threatened" if it is "likely to become an endangered species within the foreseeable future ...." 16 U.S.C. §§ 1532(6), (20).

12. Once a species is listed by the Secretary as threatened or endangered, various statutory protections apply. For example, section 7 of the ESA requires all federal agencies to "insure" that their actions neither "jeopardize the continued existence" of any listed species nor "result in the destruction or adverse modification" of a species' critical habitat. 16 U.S.C. § 1536(a)(2). Section 9 of the ESA prohibits, among other things, "any person" from intentionally taking listed species or incidentally taking listed species without a permit from the Secretary. 16 U.S.C. §§ 1538(a)(1)(B), 1539. Other provisions of the ESA require the Secretary to "develop and implement" recovery plans for listed species, 16 U.S.C. § 1533(f), authorize the Secretary to acquire land for the protection of listed species, 16 U.S.C. § 1534, and make federal funds available to states to assist in their efforts to preserve and protect threatened and endangered species, 16 U.S.C. § 1535(d).

13. To ensure the timely protection of imperiled species, Congress set forth a detailed process whereby citizens may petition the Secretary to list a species as endangered or threatened. The process includes mandatory, non-discretionary, deadlines that the Secretary must meet, so that species in need of protection do not languish in administrative purgatory. The three required findings, described below, are the 90-day finding, the 12-month finding, and the final listing determination.

14. Upon receipt of a listing petition, the Secretary, through FWS, must "to the maximum extent practicable" within 90-days make an initial finding as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1533(b)(3)(A). If FWS finds that the petition does not present substantial information indicating that listing may be warranted, the petition is rejected and the process ends.

15. If, however, FWS determines that a petition does present substantial information indicating that listing may be warranted, FWS must conduct a full scientific review of the species' status. 16 U.S.C. § 1533(b)(3)(A). Upon completion of this status review, and within 12-months from the date that he received the petition, FWS must make one of three findings: (1) listing is not warranted; (2) listing is warranted; or (3) listing is warranted, but is presently precluded by other pending proposals for listing species, provided certain circumstances are present. 16 U.S.C. § 1533(b)(3)(B). The 12-month deadline for making this finding is mandatory. There is no mechanism by which the Secretary can extend the deadline for making his 12-month finding.

16. If FWS's 12-month finding concludes that listing is warranted, FWS must then publish notice of the proposed regulation to list the species as threatened or endangered in the Federal Register for public comment. 16 U.S.C. § 1533(b)(3)(B)(ii). Within one year of the publication of the proposed regulation, FWS must render a final determination on the proposal. 16 U.S.C. § 1533(b)(6)(A). At such time, FWS must either list the species, withdraw the proposed listing rule or, if there is substantial disagreement about scientific data, delay a final determination for up to six months to solicit more scientific information. 16 U.S.C. §§ 1533(b)(6)(A)(i), 1533(b)(6)(B)(i).

17. It is critical that the Secretary and FWS follow scrupulously the ESA's listing procedures and deadlines if species are to be protected in a timely manner, because the ESA does not protect a species until it is formally listed as either endangered or threatened.

## V. FACTUAL BACKGROUND

### A.  The Llanero Coqui

18. The Llanero Coqui is a tree frog endemic to Puerto Rico. The Llanero Coqui population is threatened by climate change, habitat loss, application of pesticides and herbicides, residential development, disease and predation, and pollution from landfills and developments.

19. On May 22, 2007, FWS received a formal petition to list the Llanero Coqui as threatened or endangered under the Act and designate critical habitat. An amended petition was submitted on January 22, 2009 including updated scientific and technical data. On June 25, 2009, FWS published a positive 90-day finding on the petition in the Federal Register. 74 Fed. Reg. 32510 (June 25, 2009). FWS determined the petition contained substantial scientific or commercial information indicating that listing this species may be warranted. The 90-day petition finding triggered a requirement that the Secretary make a 12-month finding on the petition no later than May 22, 2008. The Secretary has failed to make this 12-month finding and is therefore in violation of the ESA.

20. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 12-month finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines. To date, the Secretary has yet to issue the 12-month finding.

### B.  The Least Chub

21. The least chub is a rare species of minnow, endemic to Utah and restricted to Utah's part of the ancient Bonneville Basin. Currently six wild, extant populations of least chub are known, and four refuge populations established through transplant in various locations within the range of the species. Least chub populations are threatened by increased urbanization, water development, livestock impacts, and predation and competition impacts from nonnative species.

22. On June 19 2007, FWS received a formal petition to list the least chub as threatened or endangered under the ESA and to concurrently designate critical habitat to ensure the species' survival. On October 15, 2008, FWS issued a positive 90-day finding concluding that the petition contained substantial information indicating that the listing of the least chub may be warranted. 73 Fed. Reg. 61007, 61015 (Oct. 15, 2008). The 90-day petition finding triggered a requirement that the Secretary make a 12-month finding on the petition no later than June 19, 2008.

23. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 12-month finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines. To date, the Secretary has yet to issue the 12-month finding.

C.   **The Oklahoma Grass Pink**

24. The Oklahoma grass pink orchid is endemic to the United States. Though historically native to 17 states, the grass pink is now found only in Arkansas, Illinois, Louisiana, Mississippi, Missouri, Oklahoma, Texas, and Wisconsin. The Oklahoma grass pink is threatened by habitat loss from expanding agricultural and forestry land use, fire suppression, and urbanization.

25. On May 22, 2008 FWS received a formal petition to list the Oklahoma grass pink orchid as threatened or endangered under the ESA. The 90-day finding was therefore due on August 22, 2008.

26. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 90-day finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines. To date, the Secretary has yet to issue the 90-day finding.

### D. The Striped Newt

27. The striped newt is endemic to southern Georgia and northern Florida. The striped newt is threatened by degradation and destruction of its preferred native longleaf pine ecosystem habitat by development, agriculture, and plantations of other tree species. It is also threatened by littoral zone destruction due to Off-road Recreational Vehicle ("ORV") use, as well as climate change. Surveys conducted over the past 15 years have demonstrated a severe loss of known breeding sites in both Florida and Georgia.

28. On July 10, 2008, FWS received a formal petition to list the striped newt as threatened or endangered under the ESA. The 90-day finding was therefore due on October 10, 2008.

29. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 90-day finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines. To date, the Secretary has yet to issue the 90-day finding.

### E. The Puerto Rico Harlequin Butterfly

30. The Puerto Rico harlequin butterfly is endemic to Puerto Rico. It is threatened by habitat degradation and destruction.

31. On February 25, 2009, FWS received a formal petition to list o list the Puerto Rico Harlequin butterfly as threatened or endangered under the ESA. The 90-day finding was therefore due on May 25, 2009. To date, FWS has yet to issue a 90-day finding.

32. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 90-day finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines. To date, the Secretary has yet to issue the 90-day finding.

### F. The Bay Springs Salamander

33. The Bay Springs salamander is limited to two known populations in caves in Tennessee. It is threatened by habitat loss due to development, road construction, and pollution.

34. On February 6, 2006, FWS received a formal petition to list the Bay Springs salamander as threatened or endangered under the ESA. The 90-day finding was therefore due on May 2, 2006.

35. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 90-day finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines. To date, the Secretary has yet to issue the 90-day finding.

### G. The Berry Cave Salamander

36. The Berry Cave salamander is found only in caves in three counties in Tennessee. It is threatened by habitat degradation and destruction.

37. On January 22, 2003, FWS received a petition to list the Berry Cave salamander as threatened or endangered under the ESA. The 90-day finding was due April 22, 2003.

38. By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 90-day finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines. To date FWS has yet to issue a 90-day finding on the petition.

### H. The Ozark Chinquapin

39. The Ozark chinquapin is a shrub or small tree that is characterized by a rounded, yellow-green canopy that is endemic to the Ozark Plateau region of Oklahoma, Arkansas, and Missouri at 500 to 2800 feet and threatened by the chestnut blight, habitat destruction, and climate change.

40.     On December 31, 2003, FWS received a formal petition to list the Ozark chinquapin as threatened or endangered under the ESA. The 90-day finding was therefore due on March 31, 2004.

41.     By letter dated December 14, 2009, the Center notified the Secretary that he had violated section 4 of the ESA, 15 U.S.C. § 1533(b)(3)(B), by failing to make a 90-day finding on the petition as required by the ESA. The Center advised the Secretary that it intended to file suit to force the ESA's mandatory listing deadlines. To date, FWS has yet to issue a 90-day finding on the petition.

## VI. CLAIMS FOR RELIEF

**First Claim for Relief:     Failure To Make Timely 12-Month Finding On Petition To List Llanero Coqui**

42.     The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

43.     The Secretary's failure to make a timely 12-month finding on the petition to list the Llanero Coqui as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

**Second Claim for Relief:     Failure To Make Timely 12-Month Finding On Petition To List The Least Chub**

44.     The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

45.     The Secretary's failure to make a timely 12-month finding on the petition to list the least chub as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The

Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

**Third Claim for Relief:** **Failure To Make Timely 90-Day Finding On Petition To List The Oklahoma Grass Pink**

46. The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

47. The Secretary's failure to make a timely 90-day finding on the petition to list the Oklahoma grass pink as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

**Fourth Claim for Relief:** **Failure To Make Timely 90-Day Finding On Petition To List The Striped Newt**

48. The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

49. The Secretary's failure to make a timely 90-day finding on the petition to list the striped newt as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1).

Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

**Fifth Claim for Relief:     Failure To Make Timely 90-Day Finding On Petition To List The Puerto Rico Harlequin Butterfly**

50.     The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

51.     The Secretary's failure to make a timely 90-day finding on the petition to list the Puerto Rico harlequin butterfly as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

**Sixth Claim for Relief:     Failure To Make Timely 90-Day Finding On Petition To List The Bay Springs Salamander**

52.     The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

53.     The Secretary's failure to make a timely 90-day finding on the petition to list the Bay Springs salamander as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this

provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

### Seventh Claim for Relief:    Failure to Make a Timely 90-Day Finding On Petition To List The Berry Cave Salamander

54. The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

55. The Secretary's failure to make a timely 90-day finding on the petition to list the Berry Cave salamander as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

### Eighth Claim for Relief:    Failure To Make Timely 90-Day Finding On Petition To List The Ozark Chinquapin

56. The Center re-alleges, as if fully set forth herein, each and every allegation alleged in the preceding paragraphs.

57. The Secretary's failure to make a timely 90-day finding on the petition to list the Ozark chinquapin as threatened or endangered violates the ESA. 16 U.S.C. §§ 1533(b)(3)(B) & 1540(g). The Secretary's failure to perform his mandatory, non-discretionary duty also constitutes agency action "unlawfully withheld or unreasonably delayed" within the meaning of the APA, 5 U.S.C. § 706(1). Additionally, and/or alternatively, the Secretary's failure to comply with this provision is arbitrary and capricious, an abuse of discretion, not in accordance with law, and a failure to observe proper procedure under the APA, 5 U.S.C. § 706(2).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment providing the following relief:

1. Declare that Defendants are in violation of the ESA and/or the APA for failing to issue a timely 12-month finding in response to the petition to list the Llanero Coqui as threatened or endangered;

2. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 12-month finding on the petition to list the Llanero Coqui by a date certain.

3. Declare that Defendants are in violation of the ESA and/or the APA for failing to issue a timely 12-month finding in response to the petitions to list the least chub as threatened or endangered;

4. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 12-month finding on the petition to list the least chub by a date certain.

5. Declare that Defendants are in violation of the ESA and/or the APA by failing to issue a timely 90-day finding in response to the petition to list the Oklahoma grass pink as threatened or endangered;

6. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 90-day finding on the petition to list the Oklahoma grass pink by a date certain and a 12-month finding by a date certain thereafter;

7. Declare that Defendants are in violation of the ESA and/or the APA for failing to issue a timely 90-day finding in response to the petitions to list the striped newt as threatened or endangered;

8. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 90-day finding on the petition to list the striped newt the by a date certain and a 12-month finding by a date certain thereafter;

9. Declare that Defendants are in violation of the ESA and/or the APA by failing to issue a timely 90-day finding in response to the petitions to list the Bay Springs salamander as threatened or endangered;

10. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 90-day finding on the petition to list the Bay Springs salamander by a date certain and a 12-month finding by a date certain thereafter;

11. Declare that Defendants are in violation of the ESA and/or the APA by failing to issue a timely 90-day finding in response to the petitions to list the Berry Cave salamander as threatened or endangered;

12. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 90-day finding on the petition to list the Berry Cave salamander by a date certain and a 12-month finding by a date certain thereafter;

13. Declare that Defendants are in violation of the ESA and/or the APA by failing to issue a timely 90-day finding in response to the petitions to list the Ozark chinquapin as threatened or endangered;

14. Provide preliminary and permanent injunctive relief compelling Defendants to publish in the Federal Register a 90-day finding on the petition to list the Ozark chinquapin by a date certain and a 12-month finding by a date certain thereafter;

15. Award the Center its costs of litigation, including reasonable attorney's fees; and

16. Grant the Center such other relief as the Court deems just and proper.

Dated: February 17, 2010

Respectfully submitted,

/s/ Amy Atwood
Amy Atwood (D.C. Bar No. 470258) ✓
Center for Biological Diversity
PO Box 11374
Portland OR 97211-0374
503-283-5474


Bethany Cotton (OR Bar No. 090960)
(*Pro hac vice* application pending)
Center for Biological Diversity
1601 Connecticut Ave, Ste. 700
Washington D.C., 20009
Phone: (202) 591.5215
Facsimile: (202) 588.5049
Email: bcotton@biologicaldiversity.org


Attorneys for Plaintiff
Center for Biological Diversity